**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABDALLA DIB, WISAL DIB, AHMAD
DIB, and WAFAA DIB,

                Plaintiffs,

-vs-                                      Case No. 6:07-cv-98-Orl-31UAM

MICHAEL CHERTOFF, EMILIO
GONZALEZ, LINDA SWACINA, SUSAN
DUGAS, and ALBERTO GONZALES,

                Defendants.
_____

## ORDER AND NOTICE OF HEARING

This matter comes before the court on the Motion to Dismiss filed by the Defendants (Doc. 13) and the Plaintiffs' response thereto (Doc. 14).

**I.    Background**

Plaintiff Abdalla Dib ("Dib") is a Syrian citizen. (Doc. 1 at 2). In July 2000, Dib filed a Form I-485, Application to Register Permanent Residence or Adjust Status. (Doc. 1 at 2). Dib's wife and two children, who are also plaintiffs in the instant action, filed Form I-485 applications as qualified derivative beneficiaries through their family relationship to Dib. (Doc. 13 at 1). Upon receipt of the applications, United States Citizenship and Immigration Services ("USCIS") commenced the required security review, which included FBI name and fingerprint checks. (Doc. 13 at 1). The FBI has indicated that Dib's name check has resulted in a "hit." (Doc. 13 at 1-2). According to the affidavit of the USCIS Supervisory District Adjudications Officer, USCIS requested additional information from the FBI on May 31, 2007 regarding this result. (Doc. 13-2

at 2-4). USCIS is withholding adjudication of the Plaintiffs' applications until the additional information is received. (Doc. 13 at 2).

Dib filed a Complaint (Doc. 1) on January 22, 2007, requesting that this Court "compel the Defendants to adjudicate pending Forms I-485 applications." (Doc. 1 at 1). Dib contends the Court possesses jurisdiction over the matter pursuant to the Administrative Procedures Act ("APA"), the Mandamus Act, and the Declaratory Judgment Act ("DJA"). (Doc. 13 at 2). The Defendants now seek dismissal for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 13).

## II.     Standards

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff, and must limit its consideration to the pleadings and any exhibits attached thereto. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); Fed. R. Civ. P. 10(c). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

Jurisdictional motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) come in two forms. First, there are "facial attacks," which "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511

(5th Cir. 1980)) . A court assessing a "facial attack" on jurisdiction is to assume the allegations in the complaint are true and not to look outside the pleadings and attached exhibits. *See id*. Second, there are factual attacks, which challenge the factual basis asserted for jurisdiction. *Id.* If a factual attack on jurisdiction regards an issue reasonably distinct from the merits, the court may weigh conflicting written and oral evidence and decide for itself whether jurisdiction exists. *See, e.g. Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512-13 (5th Cir. 1980).[1]

### III.   Legal Analysis

The Immigration and Nationality Act ("INA") allows, among other things, eligible aliens already present in the United States to seek an adjustment of immigration status to that of a lawful permanent resident of the United States. *See* 8 U.S.C. § 1255(a). Specifically, the INA grants the Attorney General the discretion, "under such regulations as he may prescribe," to adjust the status of a resident alien.[2] *Id.* Furthermore, the INA addresses judicial review of the processing and adjudication of adjustment applications. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1252 states, in pertinent part,

> Notwithstanding any other provision of law . . . no court shall have jurisdiction to review any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or Secretary for Homeland Security.

---

[1] On November 3, 1981, the United States Court of Appeals for the Eleventh Circuit adopted as precedent all decisions of the Fifth Circuit issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] While the text of 8 U.S.C. 1255(a) only refers to the Attorney General as having the authority to process and adjudicate adjustment applications, this authority has since been transferred to the Secretary of Homeland Security and his delegate, USCIS. *See* 6 U.S.C. § 271(b)(5); 6 U.S.C. § 557.

8 U.S.C. § 1252(a)(2)(B)(ii). Courts have interpreted Section 1252(a)(2)(B)(ii) as a jurisdictional bar to review of discretionary decisions or actions of the USCIS and the Attorney General. *See Safadi v. Howard*, 466 F.Supp.2d 696, 698 (E.D.Va. 2006).

Dib contends that he is not seeking judicial review of a matter left to the discretion of the Director of Homeland Security or the Attorney General. (Doc. 14 at 3). Rather, he argues that he is asking the court to compel the Defendants to "perform a function which they are statutorily obligated to do"– i.e., process and adjudicate his applications. (Doc. 14 at 3). However, the Defendants argue that the pace at which the USCIS processes an adjustment application is a discretionary "action" of the Attorney General and therefore Section 1252(a)(2)(B)(ii) precludes judicial review. (Doc. 6 at 6-9).

The decision as to whether to grant or deny an adjustment application is without a doubt within the discretion of the Attorney General. *Yong Tang v. Chertoff*, --- F.Supp2d ---, 2007 WL 1821690 at *2 (D.Mass 2007). This Court recognizes that there is a split in authority as to whether the pace of an adjustment application is subject to judicial review.[3] However, the Court finds that the *Yong Tang* opinion presents the more well-reasoned view. If the Defendant's argument is followed to its logical conclusion, the Attorney General would have discretion to simply ignore a status application and delay its resolution indefinitely. Surely, the Attorney General does not have such discretion. *See Yong Tang*, 2007 WL 1821690 at *2-5. Thus the pace of the administrative process cannot be completely immune from judicial review. *See id.*

---

[3] For a sample of the cases in which the pace was found to be unreviewable, see *Safadi*, 466 F.Supp.2d at 698; *Grinberg v. Swanica*, 478 F.Supp.2d 1353 (S.D. Fla. 2007); *Romanovich v. Gonzales*, 2007 WL 1229047 (S.D.Fla. April 4, 2007).

### IV.     Conclusion

In consideration of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Defendant's Motion to Dismiss (Doc. 13) is **DENIED**.

In addition, **TAKE NOTICE** that an evidentiary hearing as to the reasonableness of the delay will be held before the Honorable Gregory A. Presnell, United States District Judge, on **MONDAY**, **AUGUST 29, 2007** at **1:00 P.M.** in Courtroom #5, Federal Building, 401 West Central Blvd., Orlando, Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 26, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party